Felons — Weapons — Ownership A defendant, after being convicted of the crime of Carrying A Concealed Weapon, to-wit: a pistol, does not relinquish ownership of said weapon, and a District Judge has authority upon proper application to order the return of said weapon to said defendant, owner. The Attorney General has had under consideration your request for an opinion wherein you ask: "1. Does a defendant, after being charged with `Carrying A Concealed Weapon', to-wit: a pistol, relinquish ownership of said weapon to the State after pleading guilty or being convicted thereof? "2. Does a Judge of the District Court have the authority to order the return of a weapon to a defendant charged with `Carrying A Concealed Weapon', to-wit: a pistol, after said defendant enters a plea of guilty or is convicted by a jury?" Article II, Section 7 Oklahoma Constitution, states: "No person shall be deprived of life, liberty, or property, without due process of law." It is a well established law that public officers have only such authority as is conferred upon them by law, and that such authority must be exercised in the manner prescribed by law. Shaw v. Grumbine, 137 Okl. 95, 278 P. 311 (1929). There is not a statute which directs forfeiture or confiscation of a weapon which is the subject of a conviction of Carrying A Concealed Weapon. It is therefore the opinion of the Attorney General that your first question be answered in the negative, in that a defendant does not relinquish ownership of a weapon which is the subject of his conviction for the crime of Carrying A Concealed Weapon. In answering your second question, it is presumed that the defendant from whom the weapon was taken is the owner of said weapon. As pointed out in your letter, 22 O.S. 206 [22-206] (1961) provides that weapons taken from a defendant shall be delivered to the magistrate before whom he is taken, and 22 O.S. 1326 [22-1326] (1961) provides that an officer taking any property from a defendant must give the defendant a receipt therefor, specifying the property taken, and file a duplicate of said receipt with the clerk of the district court. Title 22 O.S. 1241 [22-1241] (1961) provides that where a defendant, charged with a felony, is searched in the presence of a magistrate, and a dangerous weapon or anything which may be used as evidence is found, it shall be retained, subject to the magistrate's order or the order of the court in which the defendant may be tried. In 79 C.J.S., Searches and Seizures, Section 114, the general rule, concerning the disposition of such property, whether felony or misdemeanor, is stated as follows: "Generally property seized and used in evidence will be thereafter returned on proper application." It is therefore the opinion of the Attorney General that your second question be answered in the affirmative, in that a District Judge has the authority upon proper application to order the return of a weapon to a defendant charged with `Carrying A Concealed Weapon', to-wit: a pistol, after said defendant enters a plea of guilty or is convicted by a jury. (Robert D. McDonald)